[No. 18404.   Department One.   March 17, 1924.]

TOM THOMPSON, *Respondent*, v. S. NAKAMURA,
*Defendant*, S. EGASHIRA, *Appellant*.[1]

FRAUDULENT CONVEYANCES (14)—PREFERENCES—SALES IN BULK—
AFFIDAVIT—SUFFICIENCY—KNOWLEDGE OF VENDEE.   While § 5832 of
the bulk sales law is to be strictly construed, the required affidavit
will not be held insufficient because, in inserting details not re-
quired, there was an omission of a comma or the word "or," and
any one reading it would not readily find a defect in it as a non-
compliance with the act.

Appeal from a judgment of the superior court for
King county, Carey, J., entered August 1, 1923, upon
findings in favor of the plaintiff, in garnishment pro-
ceedings, tried to the court.   Reversed.

*Geo. B. Cole* and *John Wesley Dolby,* for appellant.

*Ryan & Desmond* and *Wesley J. Mifflin,* for respond-
ent.

HOLCOMB, J.—A motion made by respondent in the
briefs to dismiss the appeal on account of the insuf-
ficiency of the bond is denied, the bond being sufficient
as an appeal bond, and whether sufficient as a super-
sedeas and stay bond is unnecessary now to determine.

Respondent secured a judgment against the princi-
pal defendant for an account due of a balance of
$364.07, upon service by publication, the service being
based upon a writ of garnishment against appellant
as garnishee defendant.

Appellant had purchased a restaurant and its fix-
tures, supplies and equipment from the principal de-
fendant for the agreed consideration of $1,313—$813
being paid in cash, and $500 was represented by a pre-
vious loan secured by a chattel mortgage from the prin-

[1]Reported in 223 Pac. 1055.

cipal defendant to the garnishee defendant. Upon the sale, a bill of sale was given by the principal defendant to appellant, and appellant demanded and received an affidavit to comply with the statute respecting sales in bulk, which was prepared by an attorney and sworn to by the principal defendant as vendor, and was as follows:

"AFFIDAVIT OF VENDOR.

"State of Washington, ⎱ ss.
"County of King, ⎰

"S. Nakamura, in accordance with the statutory requirement of Bulk Sales Act of the state of Washington, being first duly sworn on his oath deposes and says: That he is the vendor named as the party of the first part in the foregoing bill of sale and the lawful owner of the...............................personal property therein described and that the same is free and clear of encumbrences and that the(r)e (are) no bills due or to become due on account of unpaid current expenses, such as back rent, light, water, laundry, taxes, accrued interest for any goods, wares or merchandise purchased upon credit or any money borrowed to carry on said business of Togo restaurant which is being conveyed or transferred by the said bill of sale to which this affidavit is attached.

"This affidavit is given without any design to hinder, delay or to defraud creditor or creditors of the said vendor.

"S. Nakamura

"Subscribed and sworn to etc."

It will be observed that there is no comma after the words "accrued interest," and no word "or" after "interest."

In consequence thereof, the trial judge and another trial judge in King county held that the affidavit was insufficient to comply with the statute. In another case Clark & Company obtained a judgment against the principal defendant and this appellant as garnishee

defendant upon an appeal from the justice court, for the sum of $115.27, and $22 costs, because of the failure to comply with the statute relating to sales in bulk as to the affidavit required.

The statute, § 5832, Rem. Comp. Stat. [P. C. § 7748], requires that,

"It shall be the duty of every person who shall bargain for, or purchase any stock of goods, wares or merchandise in bulk, for cash, or on credit, before paying to the vendor, . . . . or delivering to the vendor, . . . . any part of the purchase price thereof, or any promissory note, or other evidence therefor, to demand of and receive from such vendor, or agent, . . . . a written statement, sworn to substantially as hereinafter provided, of the names and addresses of all the creditors of said vendor, to whom said vendor may be indebted, together with the amount of the indebtedness due or owing, and to become due or owing, by said vendor to each of such creditors; and it shall be the duty of said vendor, or agent, to furnish such statement, which shall be verified by an oath to the following effect: (The form of the oath after the formal parts of it is as follows):

". . . . doth depose and say that the foregoing statement contains the names of all of the creditors of—(name of vendor) together with their addresses, and that the amount set opposite each of said respective names is the amount now due and owing, and which shall become due and owing by—(vendor) to such creditors, and that there are no creditors holding claims due, or which shall become due for or on account of goods, wares or merchandise purchased upon credit or on account of money borrowed to carry on the business of which said goods are a part, other than as set forth in said statement, and in his affidavit, are within the personal knowledge of affiant."

Section 5833 [P. C. § 7749], provides that failure to require an affidavit or to protect creditors invalidates the sale.

Section 5834 [P. C. § 7750], provides that a false affidavit made by the vendor constitutes perjury, and prescribes a penalty.

There is no doubt that the affidavit made by the vendor in this case was false, for he owed at least two creditors, this respondent and Clark & Company.

Sixteen errors are claimed by appellant, only one of which, the sixteenth, is necessary to notice.

At first blush we were inclined to the same conclusion reached by the two trial judges who had this affidavit before them. The more we analyze the affidavit, however, the more we are convinced that we cannot hold the affidavit to be insufficient to comply with the statute. To do so would be to hold that errors and omissions in punctuation, or the omission of a word, such as "or," would render any affidavit insufficient. This case must be decided not only upon its merits, but for future cases. While it is true that the statute must be strictly construed, it must not be construed so strictly as to lead to nonsensical results. It is practically conceded that if a comma had been inserted after the word "interest" in the affidavit, so that the affidavit would read "accrued interest, for any goods, wares or merchandise purchased upon credit," or, if the word "or" had been inserted after the word "interest," the affidavit would be a sufficient compliance with the statute. The trouble is that the affidavit complies with the statute, but inserts some details evidently intended to make the affidavit especially good, and the omission of the comma or the word "or" in the expression of those details is urged to render the affidavit bad.

The affidavit states that the merchandise and fixtures of the Togo Restaurant are free and clear of incumbrances; that there are no bills due, or to become due,

on account of unpaid current expenses, for any goods, wares or merchandise purchased upon credit, or any money borrowed to carry on the business of the Togo Restaurant. It is manifest that anyone reading this affidavit would be put to some study to find a defect in it as to non-compliance with the statute. In fact Mr. Lewis, the attorney for the other garnishing creditors, testified that he read it perhaps fifty times before he became convinced that it was insufficient. The trial judge made an observation during the trial that he had finally come to the same conclusion as the other trial judge regarding its sufficiency. The good faith of appellant has not been questioned. He was an innocent purchaser. While it is true that, if the affidavit were manifestly insufficient, the good faith of the vendee would be immaterial, where the affidavit as to creditors is apparently sufficient and the vendee paid an adequate consideration for the property, the fact that he did not know that there were any creditors and was informed that there were none, warranted him in relying on the affidavit of the vendor. *Friend v. Rosenfeld-Rovig Co.*, 87 Wash. 329, 151 Pac. 776.

We are therefore forced to the conclusion that an overstrained construction was put upon the form and contents of the affidavit, and that the affidavit, although it would have been better had it strictly followed the wording of the statute, was sufficient under the statute.

The judgment is therefore reversed.

MAIN, C. J., TOLMAN, MACKINTOSH, and PARKER, JJ., concur.